UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATT G. PRINES,<br><br>                       Plaintiff(s),<br><br>   v.<br><br>NANCY A. BERRYHILL,<br><br>                       Defendant(s). | Case No. 2:16-CV-1457 JCM (BNW)<br><br>ORDER |

Presently before the court is Magistrate Judge Brenda Weksler's report and recommendation ("R&R") in the matter of *Prines v. Berryhill*, case number 2:16-cv-01457-JCM-BNW. No objections have been filed, and the deadline for doing so has passed.

Magistrate Judge Weksler ruled in her report and recommendation that the administrative law judge ("ALJ") erred in failing to address Dr. Zdorovyak's opinion that plaintiff Matt G. Prines could not work, in part, because of his alleged psychiatric disorder. (ECF No. 35). The magistrate judge found that this was harmless error however, as the ALJ considered Prines' mental health elsewhere in the decision and concluded that the alleged disorders were not disabling. *Id*. The magistrate judge also found that Prines' allegation that he has schizophrenia or a schizoaffective disorder does not change this analysis because substantial evidence in the record demonstrates that he does not have a disabling mental health condition. *Id*.

The magistrate judge further ruled that the ALJ erred in not properly summarizing Dr. Jahnke's findings, and in not explaining why Dr. Jahnke's opinion—that diabetes is difficult to control and that Prines' psychiatric and cognitive abilities make it even harder to control—was rejected. *Id*. Nevertheless, because the ALJ considered the difficulty of Prines controlling his

**James C. Mahan**
**U.S. District Judge**

diabetes and the severity of his alleged mental impairment elsewhere in the decision, the magistrate judge found that these errors were harmless. *Id*.

Additionally, the magistrate judge found that the ALJ made a typographical error in the decision by writing that Prines could be a "dry cleaner," rather than a "dry cleaner helper." *Id*. The magistrate judge ruled that this was nothing more than a harmless scrivener's error because the rest of the decision comports with the vocational expert's testimony that Prines could perform work as a dry cleaner helper, and nothing suggests that the ALJ sought to depart from that testimony. *Id*.

Thus, the magistrate judge recommends denying Prines' motion to remand and granting the social security commissioner's motion to affirm the agency decision.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court conducted a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to adopt the magistrate judge's findings in full.

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Weksler's report and recommendation (ECF No. 35) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that Prines' motion to remand (ECF No. 27) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the social security commissioner's motion to affirm the agency decision (ECF No. 31) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED September 10, 2019.

_____
UNITED STATES DISTRICT JUDGE